IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRIAN K. VERMEER                                                            PLAINTIFF

vs.                         Civil No. 4:16-cv-04088-BAB

NANCY A. BERRYHILL                                       DEFENDANT
Acting Commissioner, Social Security Administration[1]

**<u>MEMORANDUM OPINION</u>**

Brian K. Vermeer ("Plaintiff") brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("The Act").

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 5).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.     **<u>Background</u>:**

Plaintiff protectively filed his disability application for DIB on December 21, 2012. (ECF No. 10, pp. 16, 246). In his application, Plaintiff alleges being disabled due to: bronchiectasis and

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "ECF No. ___, p. ___."

1

severe uncontrolled asthma. (ECF No. 10, p. 257). Plaintiff alleges an onset date of December 21, 2012. (ECF No. 10, pp. 16, 246). These applications were denied initially and again upon reconsideration. (ECF No. 10, pp. 88-106).

Thereafter, Plaintiff requested an administrative hearing on his denied application, and this hearing request was granted. (ECF No. 10, pp. 150-55). Plaintiff's first administrative hearing was held on May 20, 2014, via video conference between San Antonio, Texas and Texarkana, Arkansas. (ECF No. 11, pp. 36-54). Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff testified at this hearing, but the hearing was continued until April 28, 2015, to allow a consultative examination with pulmonary function testing. *Id.* Plaintiff was present at this supplemental hearing and was represented by Greg Giles. (ECF No. 10, pp. 40-61). Plaintiff, Vocational Expert ("VE") Jerry Hildre, and Medical Expert ("ME") Dr. Charles Murphy, testified. (ECF No. 10, pp. 40-87). At the time of this supplemental hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. §§ 404.1563(c). As for his level of education, Plaintiff completed four years of college and taught high school physics, chemistry, and physical science. (ECF No. 10, pp. 47, 249).

After this hearing, on September 16, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (ECF No. 10, pp. 13-34). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2017. (ECF No. 10, p. 18, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 21, 2012, his alleged onset date. (ECF No. 10, pp. 18-19, Finding 2). The ALJ determined Plaintiff had the following severe impairments: obstructive pulmonary disease due to asthma, bronchiectasis, obstructive sleep apnea, obesity, and anxiety. (ECF No. 10, p. 19, Finding

2

3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 10, pp. 19-21, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 10, pp. 21-32, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to:

> lift/carry 20 pounds occasionally and 10 pounds frequently, stand/walk 6 hours out of an 8-hour workday, and sit 6 hours out of an 8-hour workday with normal breaks. [Plaintiff] can frequently push/pull within the above specified weight capacities. He can frequently operate foot controls. [Plaintiff] can never climb ropes, ladders, or scaffolds but he can occasionally climb stairs. He can occasionally stoop, bend, balance, crouch, kneel, and crawl. He has no manipulative limitations. [Plaintiff] cannot be exposed to unprotected heights and uneven terrain. [Plaintiff] cannot be exposed to even moderate fumes, odors, dusts, gases, or poor ventilation. He cannot be exposed to concentrated amounts of humidity or wetness and should avoid extreme temperature changes. [Plaintiff] cannot be exposed to hazardous materials or commercial driving. He can perform detailed (but not complex) tasks. [Plaintiff] is able to respond appropriately to supervisors and coworkers. [Plaintiff] can be occasionally exposed to the general public. He is able to use judgment appropriately. [Plaintiff] is able to maintain attention, concentration, persistence, and pace for at least 2 hours at a time for a total of 8 hours during an 8-hour workday. He is able to tolerate routine changes in a work setting.

*Id*.

The ALJ then determined Plaintiff was unable to perform his Past Relevant Work ("PRW"). (ECF No. 10, p. 32, Finding 6). The VE testified at the administrative hearing regarding this issue. (ECF No. 10, pp. 53-58). Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs existing in significant numbers in the national economy Plaintiff could perform, such as an optical goods assembler, which has a DOT code of 713.687-018, with

3

approximately one hundred six thousand (106,000) jobs in the national economy and six hundred (600) jobs in the regional economy, as a lens inserter, which has a DOT code of 713.687-026, with approximately one hundred thousand (100,000) jobs in the national economy and five hundred (500) jobs in the regional economy, and as an assembler, which has a DOT code of 706.684-022, with approximately five hundred thousand (500,000) jobs in the national economy and one thousand three hundred (1,300) jobs in the regional economy. (ECF No. 10, p. 33, Finding 10). Because jobs exist in significant numbers in the national economy which Plaintiff can perform, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from December 21, 2012, through September 16, 2015, the date of the ALJ's decision. (ECF No. 10, p. 33, Finding 11).

Thereafter, on September 27, 2015, Plaintiff requested review of the hearing decision by the Appeals Council. (ECF No. 10, pp. 11-12). The Appeals Council denied Plaintiff's request on August 26, 2016. (ECF No. 10, pp. 5-10). On September 20, 2016, Plaintiff filed the present appeal with this Court. (ECF No. 1). The Parties consented to the jurisdiction of this Court on September 21, 2016. (ECF No. 5). This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *see* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *see Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

4

supported a contrary outcome or because the Court would have decided the case differently. *see Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *see Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *see Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. § 423(d)(1)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *see* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity ("RFC") to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform.

*see Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)(4). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *see* 20 C.F.R. § 404.1520(a)(4)(v).

**3. Discussion:**

In his appeal brief, Plaintiff raises two issues for appeal: 1) the ALJ erred in finding Plaintiff did not meet the criteria of Listings 3.02, 3.02, 3.07, 3.10, and 12.06; and, 2) the ALJ failed to resolve the conflict between the VE's testimony and the ALJ's finding that Plaintiff could perform light work. (ECF No. 11).

**A. The Listings**

The claimant bears the burden of proving his impairment meets or equals the criteria for a specific listing. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria." *Brown ex rel. Williams v. Barnhart*, 388 F.3d 1150, 1152 (8th Cir. 2004)(internal quotations and citation omitted). Where the claimant suffers from an unlisted impairment, the ALJ must compare the claimant's impairment with an analogous listed impairment. 20 C.F.R. § 404.1526. Furthermore, the question is whether the ALJ "consider[ed] evidence of a listed impairment and concluded that there was no showing on th[e] record that the claimant's impairments . . . m[et] or are equivalent to any of the listed impairments." *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006) (internal quotations omitted). While it is preferable an ALJ address a specific listing, the failure to do so is not reversible error if the record supports the overall conclusion. *see Pepper ex rel. Gardner v. Barnhart*, 342 F.3d, 853, 855 (8th Cir. 2004), *Dunahoo v. Apfel*, 241 F.3d 1033, 1037 (8th Cir. 2001); *see also Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011)("There is no error when an

ALJ fails to explain why an impairment does not equal one of the listed impairments as long as the overall conclusion is supported by the record.").

Plaintiff's impairments do not meet the criteria for Listing 3.02(A) Listing 3.02(A) requires a forced expiratory volume (FEV1) value less than or equal to the value specified in Table I of the listing corresponding to Plaintiff's height without shoes. 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.02(A). Plaintiff's spirometry reports state his height as sixty-nine (69) inches which has a corresponding value on Table I of 1.45. *Id.* Plaintiff's test on November 6, 2012, showed FEV1 values of 1.68 and 2.01, pre and post administration of a bronchodilator respectively. (ECF No. 10, p. 343). Further testing on June 20, 2013 revealed FEV1 values of 2.71 and 2.73, and testing on January 8, 2015, revealed FEV1 values of 3.20 and 2.35. (ECF No. 10, pp. 467, 524). None of the FEV1 values are equal to or less than 1.45 and Plaintiff's impairments, therefore, do not meet the criteria for Listing 3.02(A).

Plaintiff's impairments do not meet the criteria for Listing 3.02(B). Listing 3.02(B) requires a FEV1 value less than or equal to the value specified in Table II of the listing corresponding to Plaintiff's height without shoes, which for Plaintiff is a value of 1.65. 20 C.F.R. pt. 404, subpt. P, app. 1 § 3.02(B). Given Plaintiff's FEV1 values discussed above, none of the FEV1 values are equal to or less than 1.65 and Plaintiff's impairments, therefore, do not meet the criteria for Listing 3.02(B).

Plaintiff's impairments do not meet the criteria for Listing 3.02(C). The record does not contain evidence from a diffusing capacity of the lungs for carbon monoxide study ("DLCO") or arterial blood gas study ("ABGS") that Plaintiff's impairments met the criteria specified in Listings 3.02(C)(1) or 3.02(C)(2). Plaintiff's DLCO value on January 8, 2015, was only seventeen percent

7

(17%) of the predicted normal value, but the examiner noted that the value was likely an error in the testing. (ECF No. 10, pp. 522, 524).

Plaintiff's impairments do not meet the criteria for Listing 3.03. Listing 3.03(A) is evaluated under the criteria for Listing 3.02(A) which, as discussed above, Plaintiff's impairments do not meet. 20 C.F.R. pt. 404, subpt. P, app. 1 § 3.03(A). Listing 3.03(B) requires documentation of attacks described in 3.00(C). *Id.* at § 3.03(B). These attacks "are defined as prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting." *Id.* at § 3.00(C). The record does not contain evidence of such attacks and Plaintiff's impairments, therefore, do not meet the criteria for Listing 3.03(B).

Plaintiff's impairments do not meet the criteria for Listing 3.07. Listing 3.07 requires evidence of the same criteria previously discussed: impairment of pulmonary function evaluated under the criteria of Listing 3.02; or, episodes of bronchitis or pneumonia or hemoptysis or respiratory failure documented according to section 3.00(C). As discussed previously, Plaintiff's impairments do not meet the corresponding criteria of those sections and therefore do not meet the criteria for Listing 3.07.

Plaintiff's impairments do not meet the criteria for Listing 3.10. The record does not contain evidence of cor pulmonale with a mean pulmonary artery pressure greater than 40 mm Hg or evidence of arterial hypoxemia evaluated under the criteria of Listing 3.02(C)(2) as discussed above. Plaintiff's impairments, therefore, do not meet the criteria for Listing 3.10.

Plaintiff's impairments do not meet the criteria for Listing 12.06. Listing 12.06 requires

Plaintiff's impairments meet the criteria of parts A and B or parts A and C. 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.06. Plaintiff's impairments do not meet the criteria of parts B or C. Part B requires marked restriction in at least two of the following areas: activities of daily living; social functioning; maintaining concentration, persistence, or pace; or, repeated episodes of decompensation, each of extended duration. *Id.* at § 12.06(B). The ALJ determined Plaintiff suffered only mild limitation in his activities of daily living. (ECF No. 10, p. 20). Plaintiff was able to help his daughter prepare for school, prepare simple meals, perform household chores such as doing the laundry, cleaning house, and washing dishes, drive his daughter to and from school, use a computer, and run errands and shop for groceries. (ECF No. 10, pp. 20, 274-81). The ALJ determined Plaintiff suffered only moderate limitation in the area of social functioning. *Id.* The ALJ acknowledged Plaintiff's wife "found him to be overly sensitive" and that Plaintiff has some difficulty interacting with others in public, but the ALJ also noted that Plaintiff taught a young adult class at his church in May of 2014. *Id.* The ALJ determined Plaintiff suffered only mild limitation in the area of concentration, persistence, and pace. *Id.* at 20-21. IQ testing revealed Plaintiff possessed a full scale IQ of 137 and had no difficulty with reading, writing, spelling, or mathematical screening tasks, his memory performance was unimpaired, and he indicated he finished what he started. (ECF No. 10, pp. 490-91). Plaintiff, moreover, has not experienced any episodes of decompensation of extended duration. Furthermore, Plaintiff has not exhibited a "complete inability to function independently outside the area of [his] own home," as required by the criteria of part C. Objective evidence in the record as well as Plaintiff's own testimony supports the ALJ's determination that Plaintiff's impairments did not meet the criteria of Listing 12.06.

B.  **Hypothetical Questions to the VE**

Plaintiff argues the ALJ's decision conflicts with the VE testimony because the VE testified Plaintiff was unable to perform his sedentary PRW but was still able to perform jobs at the light exertion level. (ECF No. 10, pp. 14-19). Plaintiff's argument is without merit. The VE classified Plaintiff's PRW as light and skilled with a SVP of 7:

> Q   Based on that and the claimant's report, what is the claimant's past relevant work, Mr. Hildre?
> A   Judge, during that period he was a high school teacher. It's going to come in at light, skilled, SVP 7.
> . . .
> A   That, again, is light, skilled, with an SVP level of 7.
> Q   Okay. Any other job?
> A   No.

(ECF No. 10, pp. 53-54). As for the hypothetical question presented to the VE, the hypothetical precisely tracks the RFC the ALJ ultimately assigned to Plaintiff. (ECF No. 10, pp. 21-22, 54-56). The hypothetical the ALJ posed to the VE fully set forth the impairments that the ALJ accepted as true and which were supported by the record as a whole. *Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, I find that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing the work of an optical goods assembler, a lens inserter, or an assembler. *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from a VE based on a properly phrased hypothetical question constitutes substantial evidence). Plaintiff argues a conflict exists because the ME, Dr. Murphy found that Plaintiff had no respiratory impairment and no limitations, but this argument has no merit as Dr. Murphy did testify that Plaintiff suffered from a number of severe impairments which limited him to a light RFC with environmental limitations. (ECF No. 10, pp. 48-49, 51-52).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 14th day of August 2017.**

>    /s/  Barry A. Bryant
>    HON. BARRY A. BRYANT
>    U. S. MAGISTRATE JUDGE